May I please the court? You're Mr. Hamilton. Yes, Ken Hamilton. Okay. My client was denied a fair trial at the very beginning of his criminal trial. And that relates to the indictment. In his case, that indictment was fatally defective because it failed to specify what particular activities he performed that gave rise to a health hazard. So his clause had the inclusion of a particular duty to file a return and what law imposed that specific duty? Assuming for the sake of argument however that a bill of particulars could have cured any defect in the indictment. It failed to specify what particular activity Mr. Kyle performed. He said he had more gross income, each count was a little more, and he was required by law to file a tax return and he didn't do it. Well, I think the code 26-7302 requires that when a duty is imposed to file a return, the willful failure can be punished. And there's no indication in the indictment that of referencing any law imposing such a duty. It just concludes on this assumption. I said it was in violation of 26 U.S. Code 7203. And again, that's the law that can punish the failure to file a return when there is a duty imposed by law. But that indictment fails to specify that there is a duty imposed by law. The indictment alleges that he earned income. It doesn't make that allegation. That's enough, isn't it? Well, I would submit that that doesn't allege that there is a duty imposed by law. It makes a statement, a conclusory statement that he earned some income. Actually, I think it says had and received or something of that nature. I think that it's insufficient under the circumstances, under the test to consider whether the indictment should be valid. Do you earn income as a lawyer? Do I earn income as a lawyer? I would say I do. Yes. Do you file federal income tax returns? I would say that I do. Are you a volunteer? Well, I'm a volunteer in the sense that I chose to be a lawyer. Are you a volunteer when you file the income tax return? Am I a volunteer when I file the income tax return? Well, you could argue that you're a volunteer. You could argue that you're volunteering to comply with the law, I guess. Okay. But my client did request a bill of particulars. He was denied that request. And I think a bill of particulars was necessary in this case to give my client an appreciation for the nature of circumstances that gave rise to the allegation of criminal conduct. Well, what would that have informed me? He was in the business, wasn't he, of preparing tax returns? He was in the business of preparing tax returns. So what would he have learned from the bill of particulars? Well, he learned from a bill of particulars what exactly what activities the government is contending he engaged in to the And it would probably also allege, I would assume, what law imposes this duty. Again, the indictment doesn't assert any particular law imposes this duty to file a return. The law only punishes the failure to file. The law that's cited in the indictment is a failure to file a return when there's a law that gives rise to such an obligation. I might want to focus on an issue that actually has some teeth, and that's the failure to instruct on willfulness. Sure. I'm getting to that because I just and I'll address that now. With regard to the issue of willfulness, the instructions are patently deficient. The jury was not instructed on the elements of the offense, and they convicted essentially Mr. Kyle to an offense that doesn't exist using a sort of strict liability standard. The standard in cheek is that willfulness is going to be determined by whether the defendant has a subjective belief in a duty to file a return and intentionally fails to file a return with that subjective belief in the duty. Well, Mr. Hamilton, that's a good defense if you produce evidence of your subjective beliefs. Did he produce any evidence of a subjective belief? Well, fortunately, the government did it for him. The government presented through the testimony of witnesses much evidence that he had a subjective belief. For instance, this book was produced, Vultures in Eagle's Clothing. The very top line of it says lawfully stop paying income taxes. That was a book that the testimony from the witnesses indicated Mr. Kyle referenced, invited them to read his clients. And there was testimony from witnesses that his understanding through Mr. Kyle's proffering of this text was that it explains why it's the filing of return is a voluntary act, and there's no duty to do so. There's testimony from witnesses that Mr. Kyle invited them to attend a seminar that would. Was this book admitted in evidence at the trial? I believe if I'm not certain if it was either a book or a flyer referencing a book that had the front cover of the book on the flyer. You say that was the evidence of his good faith belief. Some of the evidence. But there was more. There was there was actually, again, the evidence that Mr. Kyle invited clients to participate in a seminar that would provide essentially the same justification, an understanding that the filing of return was a voluntary act and there's no law that requires it. Mr. Kyle's opening statement, which I grant wasn't evidence in a technical sense. It was a statement that could at least put the court on notice that Mr. Kyle had this subjective belief. His opening statement, I'm paraphrasing, was something that affected. But there has to be a duty and Mr. Kyle doesn't have a duty to file a return. So he referenced this in his opening statement. But another problem, though, is even if he you know, you can look at the whole case and see that he didn't even have an opportunity to present evidence because. At an earlier hearing, and I think it was in August, he was asked about witnesses. He was told that he had 12 or 15 witnesses that he'd like to call. And the judge entered into a bit of a colloquy with him about what the witnesses would say and what their testimony relates to. And he said 70, 72 or three willful not filing. The judge asked if they were going to be experts. Mr. Kyle, mind you, is not a lawyer. He said yes. And then the judge cut him off and said there will be no experts to testify about a duty, whether there's a duty or not. He skipped over his statement before that. The court, when he said 72 or three willful not filing, the court says what? And then he says what they are going to testify to. It's not clear. Or this is tile. Mr. Kyle says what they're going to testify to. It's not clear what you're saying there. This is Kyle. Now they're going to testify to records to the fact I was not wasn't obligated to file the taxes. Correct. So these people were going to look at the records and say under these records, this man was not required to file a tax return. That's what he says. And the judge says, well, I'm not going to permit him to testify. It's a little difficult to fully understand what Mr. Kyle was trying to articulate. I appreciate that it is. And a lawyer, if he had had a lawyer, might say, well, he's going to put on witnesses. It'll say he had a good faith belief that he did not have to file tax returns. And he wants to present evidence to that effect. But you have to look at the following statement by the judges. I won't permit such witnesses. Do you have any witnesses that will testify about your income or that you didn't earn enough income? They would impose this duty. I mean, they're the judge is really what I think is granting this. Motion in limine as to what the issues of the trial would be. He was telling Mr. Kyle, these are the issues that you can present evidence about your income, how much income you make. Now, there's no discussion about Mr. Kyle's subjective belief in the duty to file a return. And I think it's a critical issue in this case. I cited in my briefs other cases where, for instance, the defense of entrapment is a critical issue in the case. And it gives rise to a duty to the courts to instruct the jury on the issue of entrapment when it's the heart of the case. And I think Mr. Kyle's belief in his duty to file is at the heart of this case. And whether it's misguided or not, of course, Cheek states that that's not relevant, because you can have a misguided belief as long as it's sincere. And again, in his opening statement, he made reference to this belief he has, this sincere belief. The testimony of the witnesses all confirmed this sincere belief that he had. And I think that there was enough evidence, even without Mr. Kyle testifying, that gave rise to this issue. And I think it's really an element of the case, I mean, an element of the crime that is imposed by Cheek. And it's up to the jury to decide. The jury certainly could decide, there's not enough evidence here that Mr. Kyle had this sincere conviction, or we didn't believe Mr. Kyle's statements that his clients made about his conviction. We think he was a huckster and greedy, which was essentially the argument by the prosecution. Well, if the jury had an opportunity to consider that, they could have. They weren't instructed on that. They were really instructed to consider this, whether he acted willfully, which is not accidental or negligent. So it seems that here's what the jury could have considered. He meant to file a return and he didn't put a stamp on the envelope. Or after he prepared his return, it accidentally caught on fire and his house burned down. I mean, that seems to be the real limited issues that the jury was faced with. They weren't faced with his understanding of the law. They weren't faced with his belief in whether he had this duty. I think you've got the issue framed pretty well. Would you like to save a little time for rebuttal? You can respond to the government's argument. Thank you. Thank you, counsel, for your argument. Counsel? May it please the Court. My name is Karen Quinnell, appearing on behalf of the United States. I think you can safely focus on the instruction issue. Okay. Your Honor, the district court in this case instructed the jury that in order to find the defendant guilty, they had to find that he acted willfully for the purpose of evading his duty under the tax laws and not as a result of accident or negligence. So the court – the jury, when they convicted him, necessarily found that he did not act under a good-faith belief in any – Why is that? The good faith didn't come into the instruction. No, there was no instruction. And the courts have found that when the jury is properly instructed on specific intent, there's no need for a separate good-faith instruction. And, of course, in this case, there was no evidence as to what the defendant's belief was regarding his responsibility to file returns. In his opening, he basically says there's going to be a lot of evidence from the record – from the government records and bank statements they've collected. There's a lot of evidence that was brought out to show that Mr. Kyle did not – I say it again – did not earn the minimum requirement. So his main argument seems to be, from his opening statement, that he didn't have sufficient income to require him to file a return. And, again, in his closing argument, he said, I submit to you that the government has not proven all of the elements of the offenses against me beyond reasonable doubt. He never said to the court, Your Honor, I want to put in evidence about my beliefs about the tax code. When he had the pretrial conversation with the court about what witnesses he was going to present, he said he wanted to present expert witnesses that would testify about the filing requirement. And the court said, properly, I'm not going to allow any expert testimony about that taxpayers who receive a certain level of gross income don't have a duty to file tax returns because that is not the law. He said you can put on fact witnesses that will testify about the amount of income you had, deductions – he didn't specifically say deductions. He said – and any other kind of fact witness like that. And at no time did the defendant say, I want to put on evidence about my beliefs regarding my duty to file a tax return. Well, what do you respond to counsel's statement that the government put in some evidence of his belief? Counsel's statement – his conclusion is incorrect. The government did put in evidence that the defendant attempted to sell this Vultures and Eagles clothing book and also attempted to get some of his clients to go to these $3,000 seminars. None of those witnesses said, and the defendant told me he believed those things. All we know is that the defendant tried to sell these things. Those witnesses couldn't testify about what the defendant's belief was or about what his state of mind was. The best evidence of that is, of course, the defendant's own testimony. Well, it is the best evidence, but I suppose you can draw inferences from what somebody – You could have – I believe there is a way that you could put on evidence of your good faith belief, possibly without yourself testifying. Let's say you had written letters to the Internal Revenue Servicing. Here – this is my understanding of the laws as they apply to me. I don't believe they apply to me, you know, for whatever reason. Or perhaps maybe if you could get over the hearsay objection, perhaps if he had explained to clients, look, this book is great, I believe everything in here, and that's why I don't file my tax returns and you shouldn't file yours either, but there's absolutely no evidence of that kind of conversation going on. It's just evidence of commercial transactions where he's trying to get people to buy these things, and if they don't, he goes ahead and files their tax returns. I suppose there are just two inferences you could draw from a document like that and someone who put on these kind of seminars. One is that they were a charlatan, didn't believe a word of it, but were out to rip people off, or that they really did believe it. And it sort of seeps out of this record that this guy, whether he was mistaken or not, may have believed it. I don't think there's any evidence of what he may have believed. I mean, it's quite clear he prepared tax returns for 29 years. He filed his own tax returns up until 1991 and then stops filing his returns for whatever reason. Maybe he became convinced he didn't have to. Let me ask you this. Did Judge Fitzgerald define willfulness in his instructions to the juries? The only instruction on willfulness was the one that I just read to you. So there was no separate definitional statement of willfulness means da-da-da-da-da. That's correct. The court did not use this specific language that was used in Pomponio, but that doesn't invalidate the instructions because the necessary elements of willfulness were conveyed to the jury. Accident or negligee, we said, and not as accident or negligee. Yes. He said, first of all, he said, the court instructed the jury that they had to find the defendant acted willfully. And the common sense, everyday definition of willful from Webster's dictionary is intentional or deliberate. And he instructed the jury they had to find that he acted for the purpose of evading his duty under the tax laws. You cannot act for the purpose of evading your duty under the tax laws if you don't know what your duty is. So there was a duty that he knew. And it had to be conduct that was not an accident or negligence. So all of the necessary. Did you try the case? No, I did not, Your Honor. Is Judge Huff involved in some aspects of the case or was it Judge Fitzgerald? There were three judges involved in this case. Judge Huff did the sentencing. Judge Fitzgerald did the trial. Judge Real did the pre-trial. Oh, that's right. It's one of these cases which seems to be so simple to show that he failed and where possibly a little more care in the way it was handled would have made this appeal unnecessary. But I don't know. It's so easy to prove. That's correct. But the ultimate question for this Court to decide is, was there an error that prejudiced the defendant? And in this case, I think it's clear that while the language was not the exact language out of componio, there's no requirement that that language be the only language used as long as the specific intent element is conveyed in terms that are understandable. And if you look at this Court's opinion in Hawk, several – there are at least, I think, three different formulations of the definition of willfulness in that case. So obviously, in one opinion, you can have three different definitions. The courts are not bound to use some magic words out of componio. Those words have no talismanic effect so long as the important elements are conveyed to the jury, which they were by this jury instruction. Now, the only difference that I could see is if willfully were to be defined for the jury, that you would somehow or another work into that instruction, that definition, the words voluntary and intentional. Right. And – That would be the only difference. That would be the only difference. So if we look at this instruction, at ER 139, it says he acted willfully. And you point out for the purpose of evading his duty – Under the tax laws. That's correct. That would indicate intentional, it seems to me. Yes. And not as a result of accident or negligence. I think you're arguing to us that voluntarily – voluntary and intentional is necessarily embodied in the instruction that was given. That's correct. And therefore, there was no instructional error. That's correct. Suppose there had been an instructional error. Where would that lead us? Well, it would depend on the error. If, for example, the Court had not mentioned anything about willfulness. Right. Okay. Just failed completely to instruct on an element. The conviction would have to be reversed. Actually, I think the failure to instruct on an element, I believe under Nieder, is still subject to harmless error analysis. But I think in a criminal tax case, if there was failure to instruct at all on willfulness, I can't imagine an argument at the moment that that would not be error. That would have to be reversed. It would probably depend on whether the case stopped here or not. Yes, Your Honor. Thank you for your argument. Very clear, very concise. Thank you, Your Honor. I just wonder if the Court has any questions about the disposition of the case in light of the Supreme Court's decision in Booker. If not – I don't think we do. Thank you, Your Honor. Counsel, rebuttal. All right. Back to Mr. Kyle's opening statement. He did say, and Mr. Kyle didn't have a duty, a legal duty, to file taxes. There are certain situations that these should apply before and for any of those be done. That's in the excerpt of the record. It's the 924.02 transcript, and it's page 16, 17 through 20. And I cited in my briefs what would be the type of instruction that a defendant is entitled to in these willful failure cases. One was a pattern instruction by the Ninth Circuit. And the pattern instruction included what I think is necessary. And I think the Supreme Court thinks it's necessary as well because this pattern instruction essentially complies with Cheek. And that is the fourth element in the pattern instruction. The defendant did not have a good faith belief that he was complying with the provisions of the tax laws. A belief may be in good faith even if it is unreasonable. We don't have that instruction in this case. We don't have the type of instruction that's suggested in modern federal jury instructions, which again talks about if he believes in good faith that the actions comply with the law. He does not act willfully if he believes in good faith that his actions comply with the law. We don't have that. We have a definition of willfulness that's incomplete because it's a little tricky in these cases. There's the act of not filing. And then there's the belief in not filing. And without separating those two issues, willfulness becomes so ambiguous that a jury would have to conclude that willfulness is talking about the act of not filing. Was it an intentional act of not filing? Did you purposely not file or did you try to file? Failed to put the stamp on the envelope. Did you prepare your return and did the house burn down? Was it negligent or accident? You know, it could have even put in a single word that would have made it much more difficult for Mr. Kyle to seek reversal. And that word was mistake. If the instructions would have had the word mistake, then a jury could say, well, he was mistaken. He didn't think he had to file. But that wasn't in the instruction. So Mr. Kyle's belief wasn't even considered by the jury. The jury was not given any indication that they should consider that. I think that the judges' colloquy with Mr. Kyle pretrial at a pretrial hearing indicated that Mr. Kyle was limited to issues of how much income he earned. And that was the type of evidence that he could present. I think that that colloquy limited his ability to present evidence of his personal intent, his personal belief in an obligation to file. And so he was convicted of a crime that doesn't exist because there is no crime to fail or to intentionally fail to file a tax return. Because you can only be convicted of the crime if you believe you have an obligation to file it. Without that belief, you can't be convicted of the crime. It's important that the jury be read by the judge every element of the crime so that the defendant can truly receive a trial by jury. I don't think it's fair for the panel, with all due respect, to act as a super jury and look back at the evidence and say, well, there's not enough evidence. We don't believe Mr. Kyle's credible. And we can't guess what the jurors were thinking either because they were never given the instruction. It would be very hard for us to determine that your client was not credible since he didn't testify. That's well beyond our reach. I agree with you there. But his or his credibility, let's say, in talking to his clients where he told he did tell a client that there was no legal requirement to file a tax return. So and that did come out in the evidence as well. I think that's the kind of evidence that did support a defense of his belief not to file. That that was an element that the jury needed in order to consider that defense, which is really an element of the crime. And Mr. Kyle was deprived of his right to a jury trial because they didn't consider all the elements of the offense. Okay. Thank you. Thank you for your argument, counsel. I thank both counsel for their argument. The case just argued will be submitted for decision, and we will proceed to Manshard v. The Federal Judicial Qualifications Committee. Thank you. I see it's three against one.
judges: Noonan, Thompson, Hawkins